UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
**www.flsb.uscourts.gov**

In re:

Luz Marina Hincapie

Case No.   12-15541-LMI

Chapter 7

_____/

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS

**Any interested party who fails to file and serve a written response to this motion within <u>21 days</u> after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion.  Any scheduled hearing may then be canceled.**

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Luz Marina Hincapie and  (collectively, the "Debtors"), moves the (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtors. In support of the Motion, the Trustee states as follows:

#### Background and Jurisdiction

1.      On Mar 7, 2012 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  Maria M. Yip was appointed as Chapter 7 Trustee.

2.      The Trustee has evaluated the Debtors' property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3.      The Stipulation provides for repurchase of certain of the Debtors' non-exempt assets, (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtors' non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion….and after a hearing on notice to creditors, the debtor…. and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel* (*in re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*) 762F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)      The probability of success in litigation;
(b)      The difficulties, if any, to be encountered in the matter of collection;
(c)      The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)      The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11ᵗʰ Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.     The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Luz Marina Hincapie and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on July 10, 2012:

Atlas Acquisitions
avi.schild@atlasacq.com

Jeffrey S. Berlowitz on behalf of Creditor Hammocks Community Assocation, Inc.
jberlowitz@siegfriedlaw.com, mcabrera@siegfriedlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez on behalf of Debtor Luz Hincapie
court@bankruptcyclinic.com, courtECFmail@gmail.com

Signed:   /s/ Maria M. Yip, Trustee
             Maria M. Yip, Trustee
             201 Alhambra Circle, Suite 501
             Coral Gables, FL 33134
             Telephone:  305-908-1862
             Facsimile:   786-800-3903
             trustee@yiplevi.com

Label Matrix for local noticing
113C-1
Case 12-15541-LMI
Southern District of Florida
Miami
Mon Jul  9 16:40:23 EDT 2012

Atlas Acquisitions
294 Union St
Hackensack, NJ 07601-4303

Hammocks Community Assocation, Inc.
Siegfried, Rivera, Lerner, et al.
201 Alhambra Circle, #1102
c/o Jeffrey S. Berlowitz
Coral Gables, FL 33134-5108

AT&T
P.O. BOX 15922
Columbus, OH 43215-0922

BCA Financial Services
18001 Old Cutler 462
Miami, FL 33157-6437

Bank of America
4161 Piedmont Pkwy
Greensboro, NC 27410-8119

Bank of America
450 American Street
Simi Valley, CA 93065-6285

Bank of America
POB 17054
Wilmington, DE 19850-7054

Biscayne Beach Club Cond Asso.
c/o Ramon J. Diego, Esq
66 West Flagler Street #1002
Miami, FL 33130-1809

CBNA
P.O. BOX 6497
Sioux Falls, SD 57117-6497

Chase
POB 15298
Wilmington, DE 19850-5298

CitiBank
1000 Technology Drive
O Fallon, MO 63368-2240

Credit Bureau of South Florida
8125 NW 53 Street #100
Miami, FL 33166-4628

Deutsche Bank National
c/o David J. Stern, PA
900 South Pine Island Rd. #400
Hollywood, FL 33024

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

ER Solutions
P.O. BOX 9004
Renton, WA 98057-9004

First Federal Credit
P.O. BOX 118068
Charleston, SC 29423-8068

Gulf Coast Collection
5630 Marquesas Circle
Sarasota, FL 34233-3331

HSBC Bank NA
c/o Adorno & Yoss, LLP
2525 Ponce De Leon Blvd #400
Miami, FL 33134-6044

Hammocks Community Association
201 Alhambra Circle #1102
Miami, FL 33134-5108

International Park Condo Association
4909 SW 74 Court
Miami, FL 33155-4412

JC Penney
P.O. BOX 960090
Orlando, FL 32896-0090

Macy
9111 Duke Blvd
Mason, OH 45040-8999

(p)NATIONWIDE RECOVERY SERVICE
PO BOX 8005
CLEVELAND TN 37320-8005

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pinnacle Credit Service
7900 Highway 7 #100
Minneapolis, MN 55426-4045

The Bank of New York Mellon
c/o Florida Default Law Group, PL
POB 25018
Tampa, FL 33622-5018

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Visa
9111 Duke Blvd.
Mason, OH 45040-8999

Wachovia Mortgage FSB
c/o Straus & Eisler, PA
2500 Weston Rd #213
Fort Lauderdale, FL 33331-3617

Wells Fargo
c/o Florida Default Law Group, PL
9119 Corporate Lake Drive 3 Floor
Tampa, FL 33634-2380

Luz Marina Hincapie
14951 SW 82 Lane #17-202
Miami, FL 33193-3138

Maria Yip
201 Alhambra Cir # 501
Coral Gables, FL 33134-5105

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover
POB 15316
Wilmington, DE 19850

National Recovery Service
POB 1015
Cleveland, TN 37364

(d)Nationwide Recovery SE
POB 1015
Cleveland, TN 37364

US bank
POB 790084
Saint Louis, MO 63179

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(d)Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

End of Label Matrix
Mailable recipients    33
Bypassed recipients     2
Total                  35

# EXHIBIT "A"

## STIPULATION TO COMPROMISE CONTROVERSY

IT IS HEREBY STIPULATED AND AGREED by and between **Maria M. Yip, as Chapter 7 Trustee** and Debtor(s), **Luz Marina Hincapie,** as follows:

1.      On or about Mar 7, 2012 (the "Petition Date"), the Debtor(s) filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, which case is captioned as *In re Luz Marina Hincapie* (USBC Case No.: 12-15541-LMI) (the "Bankruptcy"). Maria M. Yip is the duly-appointed Chapter 7 Trustee for this bankruptcy estate.

2.      The Debtor has assets over her allowed personal property exemption in the total amount of $2,750 consisting of equity in the following:  2005 Toyota Rav4 in the amount of $2,750. This Stipulation resolves the Trustee's claims of exempt and non-exempt property and causes of action against the Debtor(s) as set forth below.

3.      The Debtor(s) and the Trustee have reached an agreement for the Debtor(s) to pay to this estate the sum of $2,750 (the "Settlement Amount") for the non-exempt personal property specifically enumerated in paragraph two above.

4.      The Settlement Amount is payable in a lump sum due on or before July 1st, 2012. The payment shall be made in the form of a money order or a cashier's check made payable to "Maria M. Yip, Trustee, for the benefit of the Estate of Luz Marina Hincapie, Case No.: 12-15541-LMI" and shall be delivered to Maria M. Yip, Trustee, at 201 Alhambra Circle Suite 501, Coral Gables, FL 33134.

5.      The parties agree to the Bankruptcy Court reserving jurisdiction over them and over the cause for purposes of enforcing the terms and conditions contained within this Stipulation to Compromise Controversy.  In the event Debtor(s) defaults on the aforementioned payment, the Trustee may file an affidavit of non-compliance and the Trustee shall be entitled to the entry of an order requiring the Debtor(s) to turn over the Settlement Amount, less any payments received by the Trustee.  The Debtor(s) shall have five (5) days from the date a payment is due to cure any default before an ex-parte final judgment denying or revoking the Debtor'(s) discharge may be entered   In addition, the Debtor(s) agrees to extend the time for the

issuance of her discharge until after the Settlement Amount has been fully paid. Upon the final payment being made, the Trustee shall file a Notice of Compliance with the Court to have the discharge issued.

6.      This Stipulation shall be noticed to all creditors by negative notice pursuant to the Local Rules and is subject to Bankruptcy Court approval.


Date: _____

Luz Marina Hincapie
14951 SW 82 LANE #17-202
MIAMI, FL  33193



Date: _____

Robert Sanchez, Esq., Esquire
Attorney for Debtor
900 W 49 ST #500
HIALEAH, FL  33012


Date: _____

Maria M. Yip, Trustee
201 Alhambra Circle
Suite 501
Coral Gables, FL 33134
Phone: 305-908-1682
Email: Trustee@YipLevi.com

EXHIBIT "B"


PROPOSED


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In Re:                                          Case No. 12-15541-LMI

Luz Marina Hincapie                             Chapter 7 Proceeding


_____/
    Debtor(s)

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED**:

1. The Motion is GRANTED.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

### 

**Submitted by:**
Maria M. Yip, Trustee
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Telephone:  305-908-1862
Facsimile:   786-800-3903
trustee@yiplevi.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*